**KATIE HURRELBRINK**
California State Bar No. 325632
**LAUREN J. CLARK**
California State Bar No. 308211
**CAITLIN E. HOWARD**
California State Bar No. 273223
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Katie_Hurrelbrink@fd.org

Attorneys for Jose Morales

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>JOSE MORALES,<br><br>            Defendant. | Case No.: 19cr3255-BTM-09<br><br>Hon. Barry T. Moskowtiz<br>Date: February 7, 2022<br>Time: 2:00 p.m.<br><br>SUPPLEMENTAL BRIEFING IN SUPPORT OF EX PARTE PRODUCTION OF 17(c) MATERIALS |

Jose Morales, by and through his attorneys Lauren Clark, Caitlin Howard, Katie Hurrelbrink, and Federal Defenders of San Diego, Inc., respectfully submits this supplemental briefing answering the question posed by the Court at the January 24, 2022, status hearing as to whether the Court has the authority to allow Mr. Morales alone to view the production from his ex parte under seal Federal Rule of Criminal Procedure 17(c) subpoena, to avoid revealing Mr. Morales's trial strategy. *Id*. Under ordinary principles governing sealing ex parte proceedings, compulsory process, and effective assistance of counsel, the answer is "yes." Rule 17(c) empowers this Court to employ those principles, inasmuch as it gives this Court discretion to determine whether and how the parties may view the documents. And contrary to the government's position in other cases, this district's local rules do not displace Rule 17(c)'s court-mediated procedure with a mandatory disclosure

regime. Thus, this Court should allow Mr. Morales, but not the government, to view the receipts of his Rule 17(c) subpoena.

**I.   Argument**

    **A.   Avoiding pretrial disclosure of a criminal defendant's trial strategy accords with constitutional principles and ordinary justifications for proceeding ex parte.**

Ordinarily, the parties to a case have a right to access court documents. *United States v. Thompson*, 827 F.2d 1254, 1258 (9th Cir. 1987).[1] But courts have long recognized an exception when revealing court documents to all parties "might lead to disclosure of . . . case strategy to opposing counsel." *Id*. at 1259. "The potential for release of confidential information, prejudicing [a party's] ability to conduct its case, is precisely the type of concern that has justified ex parte proceedings[.]" *Id*.

When it comes to Rule 17(c) subpoenas, there is additional reason to shield defense strategy. "A criminal defendant has both a constitutional right to obtain evidence which bears upon the determination of either guilt or punishment, and a Sixth Amendment right to process." *United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997) (internal citations omitted). Rule 17(c) fosters these rights by letting a defendant obtain and review evidence sufficiently in advance of trial to use it effectively. *Id*. These rights would be undermined if a defendant were forced to choose between foregoing pretrial production of documents and revealing trial strategy to the government. *See id*. "Thus, the need to preserve a defendant's constitutional right to obtain and use relevant evidence suggests that Rule 17(c) affords the defendant the right to pre–trial production in secrecy." *Id*. at 594.

This Court should interpret Rule 17(c) against the backdrop of these important constitutional rights and courts' longstanding power to allow for ex parte

---

[1] The public also ordinarily has a right to access court documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). But documents obtained to prepare for trial fall outside of the public's right of access. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

proceedings. *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 422 (2009) (interpreting statute against the backdrop of existing law); *United States v. Noland*, 517 U.S. 535, 539 (1996) (same).

### B. Rule 17(c) gives this Court discretion to determine whether and how to disclose the documents.

Federal Rule 17(c) does not interfere with this Court's traditional authority to shield defense counsel's trial strategy. By conferring discretion over whether and how the parties can view subpoena returns, Rule 17(c) allows this Court to permit inspection by one party while shielding the materials from the other party.

Federal Rule 17(c)(1) permits courts to order subpoenaed witnesses to produce documents before trial. It further provides that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. Pro. 17(c)(1). On the most natural reading, that provision gives the district court the discretion to decide who gets to view the production and how much of it they get to view. *See Van Buren v. United States*, 141 S. Ct. 1648, 1655 (2021) (adopting the "best" and most "plausible" reading of a statute based on "ordinary usage"). Accordingly, many courts have held that Rule 17(c)(1) empowers courts to permit inspection by the subpoenaing party without permitting inspection by the opposing party. *See, e.g.*, *United States v. Daniels*, 95 F. Supp. 2d 1160, 1162–63 (D. Kan. 2000); *United States v. Beckford*, 964 F. Supp. 1010, 1029 (E.D. Va. 1997); *United States v. Venecia*, No. 96-449-FR, 1997 WL 325328, at *5 (D. Or. May 16, 1997); *Tomison*, 969 F. Supp. at 596–97; *see also United States v. Corbett*, No. 19-CR-107-KJM, 2019 WL 5260748, at *1 (E.D. Cal. Oct. 17, 2019) (observing that *Tomison* sets forth "the long-standing Rule 17(c) process followed in this district").

Courts coming to the opposite conclusion have relied on two lines of reasoning, neither of which are persuasive.

(1) First, they have reasoned that because Rule 17(c)(1) pluralizes "parties" and "attorneys," the rule gives courts an all-or-nothing choice: Either all "parties" and "attorneys" get to access the documents, or none do. *See, e.g.*, *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011). But that is not how an ordinary English speaker would interpret that sentence. In everyday English, the plural would signify only that the court had the *authority* to decide all parties' degree of access—not that the courts must make the *same decision* as to all parties' degree of access.

Consider a different sentence with an analogous structure. A court issues a warning that "the Court may sanction the parties for the continued failure to comply with the Court's orders." *Grupo Especializado de Servicios Aeros S de RL de CV v. VP Sales & Consulting, Inc.,* No. 16-60937-CIV, 2016 WL 10953911, at *2 (S.D. Fla. June 30, 2016). By pluralizing "parties," does the court mean to communicate that it has an all-or-nothing sanctions policy—that it will sanction *all* of the parties or *none* of the parties, even if only one party fails to comply? No. The court simply means that it has sanctions *authority* over all parties, not that it must make the same sanctions *decision* as to all parties.

Take another example. A court observes that it "may exercise specific jurisdiction over the parties if it is reasonable to do so" under constitutional standards. *Vigilant Canine Servs. Int'l, LLC v. Morgan*, No. CIV. S-12-01271, 2012 WL 2912514, at *3 (E.D. Cal. July 16, 2012). By pluralizing "parties," did the court mean to say that it must make an all-or-nothing jurisdictional decision—that it must exercise specific jurisdiction over all of the parties, or else it cannot exercise specific jurisdiction over any of the parties? No. The court means that it must make *a* decision about jurisdiction for every party, not that it must come to the *same* conclusion about every party.

/ / /

/ / /

Rule 17(c) is most naturally read in an analogous way. And when interpreting the Federal Rules, courts adopt the natural reading, without placing undue emphasis on the Rule's use of the plural.

For instance, Federal Rule of Criminal Procedure 21 permits a change of venue "for the convenience of the parties." Despite the use of the plural, courts have not required a showing that a transfer would serve the convenience of *all* the parties. To the contrary, even one party's convenience might drive a transfer decision. *See, e.g.*, *United States v. Pires*, No. 21-CR-014-LM, 2021 WL 5866993, at *2 (D.N.H. Dec. 9, 2021); *see also United States v. Haley*, 504 F. Supp. 1124 (E.D. Pa. 1981) (transfer granted for defendants' convenience, despite some inconvenience to the government); *Starks v. Am. Airlines, Inc.*, 368 F. Supp. 3d 866, 871 (D.S.C. 2019) (weighing one party's convenience in favor of transfer under similarly worded civil venue statute, despite inconvenience to the other parties). Likewise, under Federal Rule of Civil Procedure 53, a special master will be disqualified if they have "a relationship to the parties, attorneys, action, or court" that would require disqualification under the judicial conduct of conduct. Fed. R. Civ. Pro. 53(a)(2). But despite the use of the plural, a disqualifying relationship with just one party will do. *See In re Kempthorne*, 449 F.3d 1265, 1266, 1270 (D.C. Cir. 2006) (disqualifying special master when the special master began consulting with one party's former employee). Here, too, use of the plural alone should not overcome plain meaning.

(2) Courts adopting a blanket policy of showing subpoena productions to both sides have also put forward a second, policy rationale: that Rule 17(c) does not "entitle[] [defendants] to strategic advantage or tactical surprise." *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011). But that rationale falls apart in the face of Rule 16, which gives the government access to all "papers" and "documents" that "the defendant intends to use" at trial. Fed. R. Crim. Pro. 16. Because of these reciprocal discovery obligations, Mr. Morales will not be able to

surprise the government with subpoenaed documents.

Revealing all of the subpoenaed documents to the government, however, creates unfairness in the opposite direction. It runs the risk of allowing the government to infer more about trial strategy than reciprocal discovery alone would show, thereby turning a defendant's exercise of his right to compulsory process into a strategic disadvantage. For that reason, it eliminates much of the value of ex parte under seal subpoena applications. Allowing Mr. Morales to view the documents under Rule 17(c), and then turn over the proper documents to the government under Rule 16, strikes the right balance.

This Court should therefore adopt the plain language reading of Rule 17(c) and hold that it has the authority to permit inspection by one party.

### C. This district's local rules do not nullify the discretion conferred in the federal rules.

In a previous filing addressing this issue, the government has argued that this district's local rules eliminate the discretion conferred in Rule 17(c) and require the court to disclosure subpoena receipts to both parties. Case No. 19-CR-4034-TWR, Dkt. No. 107. The government's argument centers on Local Criminal Rule 17.1(b). That rule reads, in relevant part and with emphasis added:

> **Production.** No subpoena in a criminal case may require the production of books, papers, documents or other objects at a date and time or place other than the date, time and place at which the trial, hearing or proceeding at which these items are to be offered in evidence is scheduled to take place, unless the Court has entered an order under Rule 17(c) of the Federal Rules of Criminal Procedure authorizing the issuance of such subpoena. . . . The Clerk must maintain the items produced pursuant to such subpoenas but *must make them available for the inspection of the parties and the attorneys*.

According to the government, the last sentence *requires* the clerk to make productions from Federal Rule 17(c) subpoenas available to both parties. That is not a plausible interpretation of the local rule.

///

6                                      19cr3255-BTM-09
SUPPLEMENTAL BRIEFING IN SUPPORT OF EX PARTE PRODUCTION OF 17(c) MATERIALS

Courts interpret "interrelated" provisions "harmoniously," *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.,* 490 U.S. 477, 484 (1989), in a manner that avoids superfluidity, *United States v. Corrales-Vazquez,* 931 F.3d 944, 951 (9th Cir. 2019), and as a part of a "symmetrical and coherent statutory scheme," *Rodriguez v. Holder*, 619 F.3d 1077, 1079 (9th Cir. 2010).[2] That is especially important when it comes to interpreting local rules, which are lawful only if "consistent with" the Federal Rules of Criminal Procedure. Fed. R. Crim. Pro 57(a)(1). A local rule that undermines a "clear" and "carefully considered" "procedure" embodied in a Federal Rule flunks the consistency requirement. *Hajek v. Burlington N. R.R. Co.,* 186 F.3d 1105, 1109–10 (9th Cir. 1999). This district's local rules explicitly embody these principles, instructing that the local rules "supplement the Federal Rules of Criminal Procedure and must be construed in harmony with the Federal Rules." Local Criminal Rule 1.1(c).

Rather than harmony, the government's reading would cause inexplicable dissonance. On the government's interpretation, the rules governing Rule 17(c) subpoenas productions would operate as follows. As an initial matter, Federal Rule 17(c)(1) would confer on the *court* the discretionary power to regulate whether and how to reveal the production pretrial. *See* Fed. R. Crim. Pro. 17(c)(1) ("When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."). But then, regardless of the court's ruling, the local rule would require the *clerk* to make subpoena receipts available to both parties. Local Rule 17.1(b) ("The Clerk must maintain the items produced pursuant to such subpoenas but must make them available for the inspection of the parties and the attorneys."). In effect, then, Local Rule 17.1(b) would require the clerk to reveal a subpoena production even in the face of a contrary order under Federal Rule 17(c)(1), thereby

---

[2] Ordinary interpretive canons apply to procedural rules as well as statutes. *See, e.g.*, *Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993) (applying the *expression unius* canon to Federal Rule of Civil Procedure 9).

rendering superfluous the discretion conferred in the Federal Rule.

The implications of the government's reading sweep beyond the specific issue in this case (namely, whether the court can bar *one* party from viewing the documents). Because the clerk would always have to "make" a pretrial production "available," the government's reading would strip the court of the power to bar *both* parties from viewing the documents prior to trial. That would eliminate a key feature of Rule 17(c).

This feature comes up when, for example, a party subpoenas documents exclusively for their potential impeachment value. "[B]ecause such statements ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial, impeachment statements, although subject to subpoena under rule 17(c), generally are not subject to production and inspection by the moving party prior to trial." *See United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) (citing *United States v. Nixon*, 418 U.S. 683 (1974)); *accord United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981). Accordingly, "where a [party] has identified evidence that would be admissible for impeachment but not otherwise, several courts have ordered the items produced for *in camera* inspection so that the court may review the material and disclose it, if ever, when it becomes ripe for impeachment." *United States v. Pac. Gas & Elec. Co.,* No. 14-CR-175-TEH, 2016 WL 1212091, at *7 (N.D. Cal. Mar. 28, 2016); *Cuthbertson*, 630 F.2d at 145 (affirming similar use of pretrial production without pretrial inspection). But the local rule, as interpreted by the government, would prohibit the clerk from keeping that material from the parties. When the materials arrived, the Local Rule would require the clerk to "make them available for the inspection of the parties and the attorneys." Local Rule 17.1(b). So interpreted, the local rule would almost certainly be invalid. *See Hajek*, 186 F.3d at 1109–10 (finding local rule invalid when it undermined the procedure embedded in the corresponding Federal Rule).

SUPPLEMENTAL BRIEFING IN SUPPORT OF EX PARTE PRODUCTION OF 17(c) MATERIALS

Fortunately, there is no reason to adopt that construction, because the Local Rule's final sentence is best interpreted as nothing more than a ministerial instruction to the clerk of court. It merely provides that the clerk must ensure that there is a way for parties and attorneys to physically access subpoena productions. This common sense reading would not require the clerk to give access to the production even in the face of a court order prohibiting a party from viewing the documents. Nor would it rob courts of their discretion to regulate whether and how the parties view Rule 17(c) productions. Under Local Rule 1.1(c), then, this is the "harmon[izing]" construction that the Court must adopt.

On a final note, this Court has the authority to waive the applicability of any local criminal rule "in the interest of justice." Local Criminal Rule 1.1(d). For the reasons given above, the interests of justice favor ensuring the integrity of Mr. Morales's trial strategy by not revealing the subpoena production to the government. Accordingly, even if the Court agrees with the government's construction, it should nevertheless waive the local rule.

## II. Conclusion

For the foregoing reasons, this Court should permit Mr. Morales alone to inspect his subpoena productions under Rule 17(c) and disclose the appropriate documents to the government under Rule 16.

Respectfully submitted,

Dated: January 31, 2022          *s/ Katie Hurrelbrink*
                                 Federal Defenders of San Diego, Inc.
                                 Attorneys for Jose Morales
                                 Email: Katie_Hurrelbrink@fd.org